UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


INTERNATIONAL MEZZO
TECHNOLOGIES, INC.
                                              CIVIL ACTION
VERSUS
                                              NUMBER 10-397-SCR
FRONTLINE AEROSPACE, INC., ET AL


## RULING ON MOTION TO DISMISS OR ALTERNATIVELY FOR MORE DEFINITE STATEMENT

Before the court is a Motion to Dismiss or Alternatively for More Definite Statement filed by defendants Frontline Aerospace, Inc. and Ryan S. Wood. Record document number 26. The motion is opposed.[1]

Plaintiff International Mezzo Technologies, Inc. filed a complaint based on diversity jurisdiction and alleged numerous state law claims against the defendants - breach of contract, unjust enrichment, fraud, negligent misrepresentation, tortious interference with existing contracts, misappropriation of trade secrets, misappropriation of patent rights and civil conspiracy. Plaintiff's fraud claim is the subject of this motion.

Paragraph 33 of the complaint incorporated by reference all the preceding paragraphs.[2] In paragraphs 34 - 36 the plaintiff alleged:

---

[1] Record document number 32.

[2] Record document number 1, Original Complaint, ¶ 33.

34. The defendants represented to Mezzo:

(A) They would not disclose Mezzo's confidential information to any third person, firm or corporation;

(B) They would not use Mezzo's confidential information for their own benefit;

(C) They would not copy or reproduce Mezzo's confidential information;

(D) They would use the same degree of care in safeguarding Mezzo's confidential information as they use for their confidential information; and

(E) They would not disclose Mezzo's confidential information to any third party without Mezzo's permission and entry of an appropriate confidentiality agreement.

35. When the defendants made each of these representations, they knew them to be false but made them anyway. The truth was they intended to and did use Mezzo's confidential information for their own benefit and disclosed the information to unauthorized parties. Once the defendants learned what they needed using Mezzo's confidential information, they did an about-face and abandoned joint opportunities with Mezzo. All the while, they were preparing themselves to usurp the benefits of Mezzo's confidential information. Mezzo relied on the defendants' representations and entrusted confidential information to them.

36. The defendants' fraud caused Mezzo damages, including and not limited to lost profits.

Defendants argued that the allegations do not meet the specificity requirements of Rule 9(b), Fed.R.Civ.P., the purpose of which is to put a party on notice of the facts and circumstances of the alleged fraud so that the party can prepare a defense. Defendants also argued that the complaint included only conclusory statements and no factual allegations that the defendants intended to deceive through their alleged misrepresentations. Therefore,

the defendants argued that the plaintiff's fraud claim is lacking a key element and should be dismissed or pled again.

Under Rules 9 and 12(b)(6) the court's task is not to evaluate the plaintiff's likelihood of success, but rather it is determine whether the plaintiff has stated a legally cognizable claim that is plausible. The ultimate question is whether the complaint states a valid claim when all well-pleaded facts are assumed to be true and are viewed in the light most favorable to the plaintiff. *Shandong Yinguang Chemical Indus. Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010).

Rule 9(b) provides as follows:

> **Fraud or Mistake; Conditions of Mind.** In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

State law fraud claims are subject to the pleading requirements of Rule 9(b).[3] To plead fraud adequately the plaintiff must specify the statements asserted to be fraudulent, identify the speaker, state when and where the statements were made and explain why the statements were fraudulent. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550-51 (5th Cir. 2010). In other words, Rule 9(b) requires the complaint to allege the "who, what, when,

---

[3] Fraud is defined in La.Civ.Code art. 1953 as a "misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other," and fraud "may also result from silence or inaction."

where and how" of the events at issue. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008). The second sentence of Rule 9(b) relaxes the particularity requirement for conditions of the mind, providing that malice, intent, knowledge, and other conditions of a person's mind may be alleged generally. However, simple allegations that defendants possess fraudulent intent do not satisfy Rule 9(b). Plaintiff must set forth specific facts supporting an inference of fraud. *Id.*

Essentially for the reasons stated in the plaintiff's opposition memorandum, the allegations supporting the plaintiff's fraud claim are sufficient. Defendants argued that the allegations regarding the element of intent to deceive/defraud are conclusory and lack any factual support. However, Rule 9(b) allows the element of intent to be alleged generally. Thus, the plaintiff's allegation in paragraph 35, that "[w]hen the defendants made each of these representations, they knew them to be false but made them anyway," is sufficient.

Paragraphs 33 (which incorporates all the preceding paragraphs of the complaint) and 34 contain the specific facts that could reasonably support an inference of fraud by setting forth the who, what, when, where and how of the events underlying the plaintiff's claim of fraud. The facts and circumstances alleged in these paragraphs are also clearly adequate to apprise the defendants of the basis for the claim and allow them to prepare their defense.

Accordingly, the Motion to Dismiss or Alternatively for More Definite Statement filed by defendants Frontline Aerospace, Inc. and Ryan S. Wood is denied.

Baton Rouge, Louisiana, October 22, 2010.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE