UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


INTERNATIONAL MEZZO TECHNOLOGIES,
INC.                                            CIVIL ACTION

VERSUS                                          NUMBER 10-397-SCR

FRONTLINE AEROSPACE, INC., ET AL


**RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Before the court is Defendants' Motion for Summary Judgment. Record document number 81. The motion is opposed.[1]

Plaintiff International Mezzo Technologies, Inc. filed this action seeking damages resulting from the alleged misappropriation of certain designs and drawings by defendants Frontline Aerospace, Inc. and Ryan Wood of a heat recuperator device used in aircraft engines. Plaintiff alleged that defendants used these designs and drawings to obtain U.S. Patent No. 7,775,031 ('031 Patent) and violated terms of a nondisclosure agreement ("NDA").

Defendants sought summary judgment dismissing the plaintiff's claims because the plaintiff did not own the technology at issue. Defendants argued that evidence shows the technology was developed while the plaintiff's president, Dr. Kevin Kelly, was employed at Louisiana State University ("LSU") and that LSU regulations provide that it is the owner of all technology or concepts of any type

---

[1] Record document number 93. Defendants' filed a reply brief. Record document number 107.

developed by university employees. Thus, because the plaintiff is not the rightful owner of the technology, defendants argued, it has no legal right to assert claims based on ownership of the technology.

Defendants also argued there was no valid NDA in effect at the time the alleged trade secrets were disclosed. Specifically, the defendants argued that the NDA had not been properly executed when the plaintiff sent the PowerPoint presentation, Design Report, and Quotation – which are the documents that contained the alleged trade secrets and/or confidential information – to the defendants. Defendants argued evidence shows that while the parties exchanged correspondence from January 2008 to April 2008 regarding the terms of the NDA, the parties never actually entered into a binding NDA.

In the alternative, the defendants sought dismissal of the plaintiff's claim for theft of a trade secret. Defendants argued the plaintiff failed to show it disclosed to the defendants any of the trade secrets identified in its discovery responses. Without evidence of a disclosure, defendants argued, the plaintiff cannot show that a trade secret was misappropriated. Defendants noted that the plaintiff's corporate representative specifically testified that it did not disclose to the defendants any of the six alleged trade secrets identified during discovery. Defendants argued that any other technology concepts claimed by the plaintiff were either too general to support its theft of a trade secret

2

claim or were within the public domain.

Finally, the defendants argued the plaintiff lacks evidence to support a claim for monetary damages. Defendants noted that the plaintiff failed to explain its basis for the damages identified in its discovery responses.

## **Applicable Law**

Summary judgment is only proper when the moving party, in a properly supported motion, demonstrates that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. Rule 56(a), Fed.R.Civ.P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986). If the moving party carries its burden under Rule 56(c), the opposing party must direct the court's attention to specific evidence in the record which demonstrates that it can satisfy a reasonable jury that it is entitled to verdict in its favor. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. This burden is not satisfied by some metaphysical doubt as to the material facts, conclusory allegations, unsubstantiated assertions or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). In resolving the motion the court must review all the evidence and the record taken as a whole in the light most favorable to the party opposing the motion, and draw all reasonable inferences in that party's favor. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513. The court may not make credibility findings, weigh

the evidence or resolve factual disputes. *Id.*; *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059, 112 S. Ct. 936 (1992).

The substantive law dictates which facts are material. *Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). In this case the applicable law is the Louisiana Uniform Trade Secrets Act, LSA-R.S. § 51:1431 et seq., under which '"a complainant must prove (a) the existence of a trade secret, (b) a misappropriation of the trade secret by another, and © the actual loss caused by the misappropriation."' *Computer Management Assistance Co. v. Robert F. DeCastro, Inc.*, 220 F.3d 396, 403 (5th Cir. 2000), *citing*, *Reingold v. Swiftships, Inc.*, 126 F.3d 645, 648 (5th Cir. 1997). The statute defines a "trade secret" as information, including a formula, pattern, compilation, program, device, method, technique, or process, that:

> (a) derives independent economic value, actual or potential, from not being generally known to and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use, and
>
> (b) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

LSA-R.S. § 51:1431(4).

"Misappropriation" under statute is defined as:

> (a) acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or
>
> (b) disclosure or use of a trade secret of another

4

without express or implied consent by a person who:

>    (I) used improper means to acquire knowledge of the trade secret; or
>
>    (ii) at the time of disclosure or use, knew or had reason to know that his knowledge of the trade secret was:
>
>    > (aa) derived from or through a person who had utilized improper means to acquire it;
>    >
>    > (bb) acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or
>    >
>    > (cc) derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or
>
>    (iii) before a material change of his position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

LSA-R.S. § 51:1431(2).

## **Analysis**

A review of the record and the parties' arguments show that disputed issues of material fact exist regarding the ownership of the technology that forms the basis of the plaintiff's claims.[2]

---

[2] The memoranda and most exhibits in support of the plaintiff's motion and the defendants' opposition are filed under seal. Plaintiff's sealed memorandum and exhibits are found at record document number 88 and the defendants' sealed memorandum and exhibits are found at record document number 93. For purposes of this ruling the evidence and exhibits will not be specifically discussed so that this ruling does not need to be filed under seal.

5

Plaintiff offered evidence that other Mezzo employees, unaffiliated with LSU, developed the foundational technology which was adapted by Dr. Kevin Kelly in the reports subsequently disclosed to the defendants. Plaintiff also argued that the LSU bylaws exclude from LSU's ownership the technology created under the specific circumstances presented in this case. Plaintiff also set forth evidence challenging Dr. Kelly's employment status with LSU at the time the technology was developed. Viewing this information in a light most favorable the plaintiff, the effect the LSU regulations on the technology at issue is uncertain, may depend on the testimony of the witnesses at the trial,[3] and consequently summary judgment based on the plaintiff's lack of ownership is thus not warranted.

A review of the evidence also shows that the validity of the NDA will depend on the determining the parties' intent to be contractually bound. The record contains conflicting versions of the events relevant to the alleged execution of the NDA. Because the determination of the parties' intent will require weighing the evidence and assessing witness credibility, summary judgment is not proper.

Defendants also have not demonstrated that the plaintiff

---

[3] Defendants have listed Peter J. Kelleher, LSU Associate Vice Chancellor, as a witness to testify about the LSU's intellectual property policies, including the bylaws and memoranda concerning intellectual property. Record document number [101](101), Uniform Pretrial Order, p. 21.

cannot recover under the Louisiana Uniform Trade Secrets Act. Defendants' have failed to show that Dr. Kelly's testimony concerning the individual disclosure of six specific trade secrets destroys the plaintiff's misappropriation of a trade secret claim. Plaintiff has offered evidence that its claim is based on the defendants' use of various technologies which were referenced and/or adapted in reports disclosed by Mezzo to the defendants. Plaintiff discussed these technologies in sufficient detail and offered evidence to establish its proprietary interest.

Defendants' argument that the plaintiff lacks evidence to support a claim for monetary damages is unconvincing. Plaintiff has shown at least the possibility of recovery of monetary damages in the form of development costs.

## **Conclusion**

Accordingly, the Defendants' Motion for Summary Judgment is denied.

Baton Rouge, Louisiana, September 27, 2011.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE