UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

INTERNATIONAL MEZZO TECHNOLOGIES,
INC.                                           CIVIL ACTION

VERSUS                                         NUMBER 10-397-SCR

FRONTLINE AEROSPACE, INC., ET AL

## RULING ON DEFENDANTS' MOTION TO COMPEL DISCOVERY

Before the court is Defendants' Motion to Compel Discovery (Filed Under Seal). Record document number 71. The motion is opposed.[1]

Plaintiff International Mezzo Technologies, Inc. filed this action seeking damages resulting from the alleged misappropriation of certain designs and drawings by defendants Frontline Aerospace, Inc. and Ryan Wood of a heat recuperator device used in aircraft engines. Plaintiff alleged that defendants used these designs and drawings to obtain U.S. Patent No. 7,775,031 ('031 Patent) and violated terms of a nondisclosure agreement ("NDA").

Defendants' filed this motion to compel the plaintiff to provide sufficient responses to Defendants' Second Set of Discovery Requests to Plaintiff served on May 11, 2011, which relate to the plaintiff's business relationship with Triumph Thermal Systems, Inc. ("Triumph"). Defendants argued that during the Rule 30(b)(6), Fed.R.Civ.P., deposition of the plaintiff May 2, 2011, they learned

---

[1] Record document number 72.

that Triumph entered into a relevant license agreement with Mezzo during the same time frame as the events that are subject of this case. Plaintiff provided responses to the defendants' discovery requests on June 24, 2011 in which it objected to all requests and provided little information. Plaintiff produced a copy of the Master Services and License Agreement[2] between itself and Triumph and designated it as Attorney's Eyes Only pursuant to the Joint Stipulation and Protective Order.[3] In this motion the defendants seek to obtain substantive responses to its discovery requests and lift the Attorney's Eyes Only designation of the Mezzo-Triumph agreement.

Plaintiff argued that the defendants' motion was untimely filed after the expiration of the scheduling order deadline for filing motions to compel discovery, May 15, 2011.[4] However, the defendants have shown that good cause exists to permit filing the motion after the deadline. Defendants discovery requests were propounded a few days prior to the fact discovery deadline. Defendants asserted that they did not discover the degree of relevancy of Mezzo's business relationship with Triumph to the issues in this case until the plaintiff's May 2, 2011 deposition. A review of the statements from the deposition cited by the

---

[2] Record document number [71-2](71-2).

[3] Record document number [37](37).

[4] Record document number [39](39), Amended Scheduling Order.

defendants in their supporting memorandum show that the defendants then discovered that the dealings between Triumph and Mezzo correlated in time to the events at issue in this case.

Plaintiff argued that the defendants should have propounded their discovery requests earlier to allow them enough time to file a motion to compel discovery prior to the deadline.  Plaintiff relied on an October 6, 2008 email from Ryan Wood to Dr. Kevin Kelly to show that the defendants should have been aware of Triumph's involvement with Mezzo and the technology at issue well before Mezzo's deposition.[5]  But Wood's mention of Triumph in the email does not show that he knew, or even should have known, there was already an agreement in place between Mezzo and Triumph.  The record does not support finding that the defendants had sufficient knowledge of Triumph's business dealings with Mezzo to reasonably propound their second set of discovery requests earlier.[6]

In their motion to compel, the defendants sought substantive response to Interrogatory No. 1 which asked for a description Mezzo's business relationship with Triumph, including when it was

---

[5] Record document number [72-2](72-2).

[6] Documents responsive to Request for Production No. 3 would also have been responsive to Interrogatory No. 5 of the defendants first set of discovery requests.  See record document number [49-2](49-2), Plaintiff's Response to Defendants' First Set of Discovery Requests to Plaintiff, p. 8-9.  Plaintiff did not identify any document from its original response to Interrogatory No. 5 which would have informed the defendants that it had entered into a contractual agreement with Triumph.

first contacted by Triumph, a description of all meetings and negotiations with Triumph, a description of any agreements with Triumph, and a description of how any such agreements with Triumph relate to the '031 Patent. In Request for Production Nos. 1, 2, and 3, the defendants asked for: (1) all documents relating to Mezzo's dealing with Triumph concerning heat exchangers; (2) all e-mails exchanged between Triumph and Mezzo; and, (3) all documents received from or sent to Triumph related to the '031 patent.

All of the defendants arguments have been considered and none provide a persuasive reason to require Mezzo to provide additional information or documents, except for documents responsive to Request for Production No. 3. With the exception of Request for Production No. 3, the defendants have not demonstrated that the information and documents sought are relevant or reasonably calculated to lead to relevant admissible evidence. Request for Production No. 3 seeks "documents received from or sent to Triumph related to the '031 patent." Other than Request for Production No. 3, the defendant's discovery requests are also overbroad.

Plaintiff also argued that the requested information is subject to the attorney-client privilege or is protected work product. Plaintiff asserted that each communication discovered through its investigation which discusses Wood, Frontline or the '031 patent either involved counsel or settlement discussions of this case. However, the plaintiff failed to identify any specific

4

document withheld from production based on either the attorney-client privilege or as work product.  Plaintiff failed to assert and support the privilege or protection as provided by Rule 26(b)(5)(A), Fed.R.Civ.P.  Plaintiff's generic invocation of the attorney-client privilege and work product protection in the preface of its discovery response is insufficient to preserve the privilege or protection.

Moreover, the plaintiff's argument is unpersuasive because Request for Production No. 3 sought documents received from or sent to Triumph.  Plaintiff asserted that responsive documents would be protected by the "common interest subset of the attorney-client/attorney work- product privileges" and cited a single case from the Federal Circuit to support it argument.[7]  Plaintiff has not shown how responsive documents sent from Triumph to the plaintiff would be directly covered by the plaintiff's attorney-client privilege or be protected work product.  Nor has it shown that documents it voluntarily disclosed to Triumph somehow retained any privilege or protection they may have had before the disclosure.  Plaintiff's common interest argument is unpersuasive since the plaintiff did not identify what interests it and Triumph have in common related to the parties claims and defenses in this case.  Plaintiff's generic argument that it and Triumph share an

---

[7] Plaintiff did not assert that Triumph has an attorney client relationship with any of the plaintiff's attorneys.

5

interest in protecting their intellectual property rights is simply too amorphous when the discovery request seeks "documents received from or sent to Triumph related to the '031 patent."[8]

Defendants also requested that the Attorney's Eyes Only designation of Mezzo-Triumph agreement be downgraded to Confidential Information.  Under Rule 26(c), Fed.R.Civ.P., the party asserting the need for a protective order has the burden of showing good cause for the protection sought.  Plaintiff has not shown that the Attorney's Eyes Only level of protection is warranted as to the Mezzo-Triumph agreement.  Plaintiff has not identified any particular provision of the agreement, the disclosure of which to the defendants would cause it substantial commercial harm.  Unlike the plaintiff, the court cannot begin with the assumption that the defendants fraudulently misappropriated the plaintiff's intellectual property, and then go on from there to argue that the highest level of protection is needed to prevent further bad acts by the defendants.  Moreover, the agreement

---

[8] If the plaintiff and Triumph shared a common interest in a claim or defense asserted in this case and exchanged information and documents in furtherance of that common interest, then at least the fact of communications between the plaintiff and Triumph regarding that common interest should have been disclosed. Similarly, the plaintiff should have at least identified documents received from or provided to Triumph relevant to that common interest even it maintained that the documents were not discoverable because they were protected by the attorney-client privilege or were attorney work product.  That the plaintiff apparently did not disclose such communications and documents supports an inference that the plaintiff and Triumph did not have any relevant shared common interest.

contains mostly what can be described as boilerplate provisions likely to be found in similar contracts.[9] Other than the fact that the agreement exists and pursuant to it Mezzo and Triumph granted licenses to each other, the agreement does not appear to actually disclose any technology, intellectual property or trade secret. To the extent that the agreement contains confidential information, e.g. Section 6.1, Price and Payment Terms, the Confidential Information designation affords sufficient protection to the plaintiff.

Under Rule 37(a)(5)(C), if a motion to compel discovery is granted in part and denied in part, the court shall allocate the costs necessitated by the motion between the parties. Although only a portion of the defendants' motion is granted, the relief provided is not insignificant. Therefore the parties shall bear their respective costs.

Accordingly, the Defendants' Motion to Compel Discovery (Filed Under Seal) is granted in part and denied in part. By noon on October 4, 2011, the plaintiff shall produce all documents responsive to Request for Production No. 3 of the Defendants'

---

[9] See e.g. Sections 1.17, 1.18 and 1.21. These sections define a Licensed Product, Licensed Technology and Mezzo Confidential Information, respectively. One might expect the definitions sections of an agreement dealing with confidential information, technology and licensing of technology to describe the confidential information and technology with some specificity. But the definitions of these terms in the Mezzo-Triumph agreement do not.

7

Second Set of Discovery Requests to Plaintiff.  The Attorney's Eyes Only designation of the Master Services and License Agreement previously produced to the defendants is lifted and the agreement is designated as Confidential Information.

Baton Rouge, Louisiana, September 27, 2011.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE